UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST C. FLENTALL,

    Plaintiff,

v.                                         Case No. 10-13353

TIMOTHY MOREY, KELLY HOLDEN-SELBY,    HONORABLE AVERN COHN
CHRISTINE WILLIAMS, and JOSE SALINAS
et al.,

    Defendants.

_____/

**ORDER
ADOPTING REPORT AND RECOMMENDATION (Doc. 32)
AND
GRANTING DEFENDANTS' MOTIONS TO DISMISS (Docs. 21, 28)
AND
OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 57)
AND
DISMISSING CASE**

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff claims that defendants Timothy Morey, Kelly Holden-Selby, and Christine Williams, corrections officers, violated his constitutional rights by taking his legal brief and placing him in segregation on false misconduct charges in retaliation for filing a grievance against Morey. Plaintiff also claims that defendant Jose Salinas, an MDOC investigator, violated his constitutional rights by inadequately investigating the misconduct charges. The matter was referred to a magistrate judge for pre-trial proceedings. Defendants

Morey, Holden-Selby, and Williams filed a motion to dismiss (Doc. 21)[1] and defendant Salinas filed a motion to dismiss (Doc. 28). The magistrate judge issued a report and recommendation (MJRR), recommending, in a thoroughgoing analysis, that both motions be granted and the complaint be dismissed. Essentially, the magistrate judge recommends that the complaint be dismissed because plaintiff did not timely file a grievance against Morey, Holden-Selby, and Williams and as such it is not exhausted. As to Salinas, who also apparently asserted that plaintiff's claim against him is not exhausted, the magistrate judge recommends that Salinas be dismissed not on exhaustion grounds, but for failure to state a claim.

Before the Court are plaintiff's objections to the MJRR. For the reasons that follow, the MJRR will be adopted, defendants' motions to dismiss will be granted, and plaintiff's objections will be overruled.

II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

---

[1] As the magistrate judge noted, defendants filed a renewed motion to dismiss in response to plaintiff's filing of an amended complaint. The renewed motion to dismiss is before the Court.

2

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context.  <u>Howard v. Sec'y of Health and Human Servs.</u>, 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

III.

Having reviewed plaintiff's objections, the Court fails to find that the magistrate judge erred in recommending that the defendants' motions be granted.  Plaintiff again argues that exhaustion was not required or should be excused because the grievance process was not "available" to him because his claims were intertwined with the misconduct charges and only challenging the misconduct charges was appropriate. The MJRR at pages 13-15 explains in detail why this argument does not carry the day for plaintiff.  Plaintiff's allegations of wrongdoing against Morey, Holden-Selby, and Williams–taking his legal brief and fabricating misconduct charges–are not issues pertaining to the misconduct hearing process.

As to Salinas, to the extent plaintiff contends that his grievance against him was timely, this argument is irrelevant in light of the magistrate judge recommending that plaintiff's claim be dismissed for failure to state a claim, not exhaustion.  While plaintiff contends that Salinas violated his rights in assisting the other defendants, as the

magistrate judge explained, plaintiff offers only speculation of a conspiracy which is insufficient to state a viable claim.

IV. Conclusion

For the reasons stated above, the MJRR is ADOPTED as the findings and conclusions of the Court. Defendants' motions to dismiss are GRANTED. Plaintiff's objections are OVERRULED. This case is DISMISSED.

SO ORDERED.

Dated: December 7, 2011

 S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to Ernest Flentall 215401, Bellamy Creek Correctional Facility, 1727 West Bluewater Highway, Ionia, MI 48846 and the attorneys of record on this date, December 7, 2011, by electronic and/or ordinary mail.

 S/Julie Owens  
Case Manager, (313) 234-5160